[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 13005
The defendant has moved for summary judgment claiming that there is no genuine issue as to the material fact of whether the plaintiff's payoff of the defendant's home equity loan was a gift or was consideration for the plaintiff being given an ownership or tenancy interest in the property. The plaintiff has attached her own affidavits documentary evidence and portions of the certified transcript which quote the plaintiff and the court at the hearing on the plaintiff's application for prejudgment remedy. All of these reflect the plaintiff's admission and the PJR court's finding that the payment was not made in consideration for an agreement to convey a property interest but rather was a gift made out of love and affection for the plaintiff.
Ordinarily the intent of the parties should not be resolved by way of summary judgment. Batick v. Seymour, 186 Conn. 632
(1982). However, the defendant has not disputed the plaintiff's evidence by filing any counter affidavit or documentary evidence. While it is true that a prejudgment remedy proceeding is a mini trial and not usually an exhaustive search for the truth, the defendant has made no attempt to disavow the documentary evidence or her own testimony, all of which collectively constitutes an admission in the defendant's favor.
There is no genuine issue as to the material fact that the plaintiff's payment was a gift to the defendant. The motion for summary judgment is granted.
Mottolese, J.